UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LEXUS DANIELS**,

    Plaintiff,

v.                                                      CASE NO. 8:25-cv-01529-WFJ-AEP

**TAMPA POLICE DEPARTMENT**,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Tampa Police Department's ("TPD") motion to dismiss the Second Amended Complaint. Dkt. 25. *Pro se* Plaintiff Lexus Daniels filed a Motion to Amend her Second Amended Complaint in response. Dkt. 26. As explained below, Defendant's motion to dismiss is granted, and Plaintiff's motion to amend is granted.

## BACKGROUND

On or about May 13, 2025, TPD officers conducted a traffic stop on a vehicle owned by Plaintiff. Dkt. 9 ¶ 5. Plaintiff alleges that the traffic stop was without legal justification or probable cause. *Id.* After the stop, TPD officers impounded the vehicle "without court order or proper notice." *Id.* ¶ 6. Plaintiff contends that she was not involved in the traffic stop, did not get any "proper documentation," and was denied "any timely opportunity to reclaim property." *Id.* ¶¶ 6, 7.

Plaintiff's Second Amended Complaint[1] alleges Fourth, Fifth, and Fourteenth Amendments violations under 42 U.S.C. § 1983 for "unlawfully seizing her property, failing to provide due process, and depriving her of liberty and property without legal basis." *Id.* ¶ 8. Plaintiff seeks $100,000 in compensatory damages for emotional distress and hardship, financial losses tied to the vehicle's seizure, and violation of her constitutional rights. *Id.* ¶ 9.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the plaintiff is entitled to relief to give the defendant fair notice of the claims and grounds. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). In considering a Rule 12(b)(6) motion to dismiss, the court must construe the facts in the light most favorable to the plaintiff. *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). However, "[c]onclusory allegations,

---

[1] Plaintiff's initial complaint was filed on June 12, 2025, Dkt. 1, and her first amended complaint was filed on June 20, 2025, Dkt. 6. The operative complaint, Dkt. 9, was filed on July 1, 2025.

2

unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (citation omitted).

Under Rule 15(a), a party may amend its pleading once as a matter of course within 21 days of service of the pleading, or if a response was filed, within 21 days after service of a responsive pleading. *See* Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend the pleading with the opposing party's written consent or leave from the Court. *See* Fed. R. Civ. P. 15(a)(2). Under Rule 15(a)(2), "[t]he Court should freely give leave when justice so requires." *See id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that "this mandate is to be heeded"). District courts have broad discretion to grant or deny leave to amend. *See Foman*, 371 U.S. at 182.

However, because Ms. Daniels is proceeding *pro se*, her pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). While the Court applies less stringent pleading standards to complaints in *pro se* actions, a *pro se* plaintiff remains subject to the same laws and rules of the Court, including the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, as a litigant represented by counsel. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Generally, *a pro se* plaintiff must be afforded "at least one" opportunity to amend the complaint if (1) the plaintiff does not clearly indicate a lack of desire to amend and (2) a more carefully drafted amended complaint might, with more specific allegations against the proper defendant, state a claim upon which relief could be granted. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank* only as to plaintiffs who are represented by attorneys)). Given that Ms. Daniels moves to amend her Second Amended Complaint (Dkt. 26), the first exception is not applicable. As to the second exception, where the issue of futility is close, the Court errs on the side of generosity to the plaintiff. *O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, 1206 (11th Cir. 2003).

## DISCUSSION

The Court grants Defendant TPD's motion to dismiss, but allows Ms. Daniels' one final chance to amend her complaint to state a claim under Section 1983.

### I.  TPD is Not the Proper Defendant to be Sued

As an initial matter, Defendant TPD is correct that it is not the proper entity to be sued under Section 1983. Dkt. 25 at 3. "Sheriff's departments and police departments are not usually considered legal entities subject to suit, but capacity to

sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (citation modified) (quoting Fed. R. Civ. P. 17(b)). In Florida, "[w]here a [city] police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit." *Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995) (quoting *Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989)); *see Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013). The sole defendant named in this action is the "Tampa Police Department." *See* Dkt. 9. Therefore, the sole count against Defendant TPD is dismissed with prejudice.

## II.     Municipal Liability under Section 1983

The Court, however, grants Ms. Daniels leave to amend her Second Amended Complaint to assert a municipal liability claim against the proper party—i.e., the City of Tampa. However, Plaintiff must also amend the substance of her pleading to state a *prima facie* case for municipal liability under Section 1983, which the Second Amended Complaint and proposed (third) amended complaint fail to do. Dkt. 9; Dkt. 26-1.

If a plaintiff sues a municipality, there must be proof that the alleged injuries resulted from an official custom, policy, or practice. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Specifically, this standard requires a plaintiff to show that

5

(1) "his constitutional rights were violated"; (2) "the municipality had a custom or policy that constituted deliberate indifference to that constitutional right"; and (3) "the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). A plaintiff may satisfy the second element by alleging three theories of municipal liability: (1) an official policy; (2) the final policymakers acquiesce to a longstanding practice; or (3) a final policymaker ratifies the unconstitutional act and motive of a subordinate. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016) (citing *Matthews v. Columbia Cnty.*, 294 F.3d 1294, 1297 (11th Cir. 2002)).

Here, the Second Amended Complaint fails to raise any allegations that the actions of the officers involved in the traffic stop and subsequent impounding of her vehicle were the result of an official custom, policy, or practice. Instead, Plaintiff makes threadbare accusations of general wrongdoing by the TPD. *See* Dkt. 9 ¶¶ 5–6. Plaintiff's proposed (third) amended complaint does not fare any better, as it simply states that Plaintiff was "affirmatively misled by City of Tampa officials." Dkt. 26-1 ¶¶ 5–9. Because Plaintiff fails to provide any factual information regarding the prior traffic stop or any explanation for why the (allegedly unlawful) stop and impound were a result of a specific policy or custom that caused Plaintiff's constitutional deprivations, the Second Amended Complaint fails to state a *prima facie* claim under *Monell*.

### III. Underlying Constitutional Violations

As to Plaintiff's underlying constitutional violations under the Fourth and Fourteenth Amendments, Plaintiff's operative and proposed complaints fail to state a claim under Section 1983.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A seizure of property "occurs when there is a meaningful interference with a person's possessory interest" in it. *United States v. Virden*, 488 F.3d 1317, 1321 (11th Cir. 2007). Generally, the seizure of personal property without a warrant is *per se* unreasonable. *Id.* The government bears the burden of proving that an exception to the warrant requirement applies. *United States v. Holloway*, 290 F.3d 1331, 1337 (11th Cir. 2002). "[A]utomobiles are 'effects' and thus within the reach of the Fourth Amendment." *S. Dakota v. Opperman*, 428 U.S. 364, 367 (1976). As such, "police cannot tow and impound a person's vehicle without cause." *Coleman v. Town of Brookside, Alabama*, 637 F. Supp. 3d 1290, 1299 (N.D. Ala. 2022). Law enforcement, however, is allowed to impound a vehicle incident to arrest. When a driver is custodially arrested, police are permitted to tow and impound the arrestee's car. *See Sammons v. Taylor*, 967 F.2d 1533, 1543 (11th Cir. 1992); *Opperman*, 428 U.S. at 369.

Here, the Second Amended Complaint alleges that Plaintiff was not in the vehicle when the traffic stop occurred and that her car was impounded in connection with the "improper activity tied to another party." Dkt. 9 ¶¶ 6–7; *see also* Dkt. 26-1 ¶¶ 6–7. But that is where the factual allegations end, as the complaint fails to allege any details about the traffic stop. Indeed, the basic facts of who was involved in the stop, where it happened, and why it happened are all missing. As such, the Court cannot determine if the (unidentified) driver of the vehicle was stopped for a non-custodial traffic violation or for some other crime requiring a custodial arrest. Without any details about the traffic stop or the alleged crime, Plaintiff's claim that there was no probable cause for the stop is totally unsupported and due to be dismissed.

As to Ms. Daniels' (procedural) due process claim under the Fourteenth Amendment, these rights "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Morley's Auto Body, Inc. v. Hunter*, 70 F.3d 1209, 1213 (11th Cir. 1996) (citation omitted). These rights may be rescinded "so long as the elements of procedural—not substantive—due process are observed." *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994). In other words, procedural due process guarantees fair procedure and "requires notice and an opportunity to be heard before any governmental deprivation of a [constitutionally-protected] interest." *Zipperer v. City of Fort*

8

*Myers*, 41 F.3d 619, 623 (11th Cir. 1995). "[O]nly when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *McKinney*, 20 F.3d at 1557; *see also Cotton v. Jackson*, 216 F.3d 1328, 1330–31 (11th Cir. 2000). "[A] [section] 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citing *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)).

Again, the operative and proposed complaints fail to allege any facts regarding the third element. As Defendant correctly points out in its motion, "[t]here are no facts that demonstrate that the post-deprivation process set forth in [Fla. Stat. §] 713.78 was inadequate." Dkt. 25 at 6. Nor does the complaint indicate whether Plaintiff took any action in state court to challenge the impoundment of her vehicle. Any future amended complaint must allege how any post-deprivation process under Florida law was either inadequate or not provided.

## IV.   Amending Plaintiff's Complaint

The Eleventh Circuit is clear that this Court must give a *pro se* plaintiff, like Ms. Daniels, "at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab*, 885 F.3d at 1291. Ms. Daniels has

9

already amended her complaint twice. *See* Dkts. 1, 6, and 9. Defendant TPD contends that no constitutional violation occurred, so Ms. Daniels cannot state a claim under Section 1983. Dkt. 25 at 4–8. While the Court may agree at the end of the day, Ms. Daniels may make one last attempt at stating a municipal liability claim under Section 1983. However, the Court warns that any subsequent complaint that fails to state a claim will lead to a dismissal with prejudice. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019); *Woldeab*, 885 F.3d at 1291.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendant TPD's Motion to Dismiss, Dkt. 25, is **GRANTED.**

2. Plaintiff Daniels' Motion to Amend her complaint, Dkt. 26, is **GRANTED.** Plaintiff will have one more opportunity to amend her complaint to adequately state a claim under 42 U.S.C. § 1983 against the proper party. If Plaintiff chooses to file an Amended Complaint, she shall do so within **Fourteen (14) days** of this Order.

3. If Ms. Daniels fails to file an amended complaint by the above deadline or fails to seek an extension of time to do so, this Order dismissing the complaint will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the deadline to amend expires without the plaintiff

amending its complaint or seeking an extension of time." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719 (11th Cir. 2020) (citation omitted). "And when the order becomes a final judgment, the district court loses all its prejudgment powers to grant any more extensions of time to amend the complaint." *Id.* at 720 (citation modified).

**DONE AND ORDERED** at Tampa, Florida, on October 20, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Plaintiff, *Pro se*
Counsel of Record